**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT C. TOMASSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 5564 |
| v. ) | |
| ) | Judge Joan Humphrey Lefkow |
| THE PRUDENTIAL INSURANCE ) | Magistrate Judge Morton Denlow |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Scott C. Tomassi ("Tomassi"), filed this action to recover long term disability benefits under an employee welfare benefits plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. This case is brought pursuant to ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover past benefits and to enforce and clarify Tomassi's rights to future benefits. Subject matter jurisdiction is based on ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1). Currently before the court is the motion of defendant The Prudential Insurance Company of America ("Prudential") to stay the proceedings or, alternatively, for an administrative remand [#9]. For the following reasons, the motion is denied.

**1.     Background**

Tomassi, a partner at the Chicago law firm Schiff Hardin LLP, claims that he has been unable to practice law since May 16, 2005 due to the fact that he suffers from an idiopathic form of Polyarteritis Nodosa ("PAN"), a rare, potentially life-threatening condition that involves systemic vasculitis or inflammation of the blood vessels.[1] PAN has caused Tomassi organ injury, pain, extreme fatigue, weakness, gastrointestinal upset, and weight loss. In addition, the

---

[1] These facts are taken from Tomassi's complaint and the parties' briefs on this motion. Disputes regarding the facts need not be resolved at this juncture.

medications that he takes to control PAN have side effects of difficulty sleeping, agitation, and difficulty concentrating.

Tomassi is a participant in the Schiff Hardin LLP Long Term Disability Plan ("the Plan"), an employee welfare benefit plan governed by ERISA. Prudential is the insurer of benefits as well as the claim administrator of the Plan. Tomassi applied for long-term disability benefits under the Plan on November 7, 2005. Prudential denied his claim by letter of February 10, 2006, determining, among other things, that Tomassi's records did not contain a comprehensive psychiatric assessment or other evidence or documentation to support his claims of cognitive impairment. Prudential conluded that Tomassi was able to perform the sedentary and light duty work that his job as an attorney required and that he was therefore not disabled.

Tomassi submitted a request for reconsideration[2] of the denial on August 9, 2006, along with 201 pages of medical records, which Prudential received on August 12, 2006. Prudential received an additional 525 pages of Tomassi's medical records on August 14, 2006, for a total of 726 pages. Prudential confirmed receipt of Tomassi's appeal on August 22 in a letter that said, "If you have any additional information to submit, please forward it to our office promptly ...." Prudential provided a decision/update date of September 28, 2006[3] and said, "If we are unable to make a determination on Mr. Tomassi's claim by September 28, 2006, we will contact you not later than that date to advise you of our need for an extension of time to make a decision." [4]

The Plan's Summary Plan description provides as follows regarding the appeal of a denied claim:

---

[2] Tomassi's request for reconsideration is also referred to as an appeal.

[3] September 28, 2006 was 45 days after August 14, 2006, which was the Monday following August 12.

[4] In an effort to establish that it was diligent in reviewing Tomassi's request, Prudential claims that "[i]mmediately upon assignment of the appeal to an Appeals Specialist, Prudential began setting a plan for its appeal review and reviewing the information received. On August 22, 2006 ... it requested an activities check and on September 22, 2006, it proceeded with a request for three days of surveillance."

> If your claim for benefits is denied ... you or your representative may appeal your denied claim in writing to Prudential within 180 days of the receipt of the written notice of denial ....  You may submit with your appeal any written comments, documents, records and any other information relating to your claim....
>
> The Prudential Appeals Review Unit shall make a determination on your claim appeal within 45 days of the receipt of your appeal request.  This period may be extended by up to 90 days if Prudential deems that special circumstances require an extension of time.  A written notice of the extension, the reason for the extension and the date that the Prudential Appeals Review Unit expects to render a decision shall be furnished to you within the initial 45-day period.  However, if the period of time is extended due to your failure to submit information necessary to decide the appeal, the period for making the benefit determination will be tolled from the date on which the notification of the extension is sent to you until the date on which you respond to the request for additional information.[5] [The provisions in this paragraph are required by the Department of Labor regulations for ERISA plans.  *See* 29 C.F.R. § 2560.503-1(i)(1), (3).]
>
> If the claim on appeal is denied in whole or in part, you will receive a written notification from Prudential of the denial....  If a decision on appeal is not furnished to you within the time frames mentioned above, the claim shall be deemed denied on appeal. [This provision is also required by Department of Labor regulations.  *See* 29 C.F.R. § 2560.503-1(l).]
>
> The Department of Labor regulations also provide,
>
> [T]he period of time within which a benefit determination on review is required to be made shall begin at the time an appeal is filed in accordance with the reasonable procedures of a plan, without regard to whether all the information necessary to make a benefit determination on review accompanies the filing.  In the event that a period of time is extended as permitted pursuant to paragraph ... (i)(3) of this section due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

29 C.F.R. § 2560.503-1(i)(4).

Tomassi submitted 35 pages of additional medical records from recent doctor's office visits to Prudential on September 24, 2006.  On September 28, 2006, Prudential made an internal "SOAP Note" saying, "ANALYSIS: Appeal mail received from atty on 08/12/06.  It was not indicated at this time that additional medical data would be forthcoming.  However, atty has

---

[5] This information was included in Prudential's February 10, 2006 denial letter.

continued to submit additional medical data, the latest of which was received on 09/24/06. As such, it is not unreasonable to conclude that appeal was not complete on 08/12/06 and to amend appeal received date to 09/24/06. PLAN: Proceed with appellate review."

This lawsuit was filed on October 13, 2006. On November 8, 2006 (88 days after Prudential received Tomassi's appeal, and 45 days after it received his final correspondence on September 24), Prudential wrote to Tomassi's attorney "to advise [him] that we are unable to make a determination on his claims at this time and that we will require an extension of time to complete our review of his claim.... We are unable to make a determination on Mr. Tomassi's claim at this time as we are pending the completion of a neuropsychological Independent Medical Examination to take place on November 29, 2006. We anticipate making a determination on his claim no later than December 22, 2006."[6][7] At no prior time had Prudential ever sought to have a doctor examine Tomassi.

After receiving notification on November 9, 2006[8] that he had an appointment for an evaluation, made for him at Prudential's request, Tomassi's attorney notified Prudential that Tomassi refused to submit to this examination.

Prudential filed the instant motion to stay this lawsuit until it completes its administrative review of Tomassi's request, or in the alternative, to remand the matter to Prudential.

---

[6] December 22, 2006 was 90 days after the Monday following September 24, 2006.

[7] Tomassi denies receiving Prudential's November 8 letter.

[8] Prudential contends that it requested this examination on October 12, 2006. The evidence that it cites in support, however, is that a Prudential employee made an internal referral on that date. There is no reason to believe that Tomassi was notified of this internal referral before he filed suit on October 13, 2006.

4

**2.     Analysis**

Section 502(a)(1)(B) of ERISA provides that a plan beneficiary may bring a civil lawsuit in federal district court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." 11 U.S.C. § 1132(a)(1)(B). To recover benefits under this section, the employee must establish that he "has satisfied the conditions necessary for benefits under the plan." *Robyns* v. *Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1235 (7th Cir. 1997) (citing *Tolle* v. *Carroll Touch, Inc.*, 977 F.2d 1129, 1133 (7th Cir. 1992)).

ERISA is silent regarding whether exhaustion is a prerequisite to suit, but the Seventh Circuit has held that exhaustion of all available administrative remedies is generally required. *Ruttenberg* v. *United States Life Ins. Co.,* 413 F.3d 652, 662 (7th Cir. 2005) (citing *Zhou* v. *Guardian Life Ins. Co. of Am.,* 295 F.3d 677, 679 (7th Cir. 2002)). Requiring exhaustion furthers Congress's apparent intent "to minimize the number of frivolous lawsuits, promote a non-adversarial dispute resolution process, and decrease the cost and time of claims settlement," *Robyns*, 130 F.3d at 1235 (quoting *Lindemann* v. *Mobil Oil Corp*., 79 F.3d 647, 650 (7th Cir. 1996)), and for "fund trustees to have primary responsibility for claim processing ...." *Id*. (citing 29 U.S.C. § 1133). Additionally, "implementation of the exhaustion requirement enhances the trustees' ability to expertly and efficiently manage their funds by preventing premature judicial intervention into their decision-making process." *Id*. (citing *Kross* v. *Western Elec. Co.,* 701 F.2d 1238 (7th Cir. 1983)). Because a plaintiff need only exhaust "available" remedies, a district court may excuse a plaintiff's failure to exhaust "(1) if there has been a lack of meaningful access to the review procedures or (2) if exhaustion of internal remedies would be futile." *Id*. at 1236 (citing *Smith* v. *Blue Cross & Blue Shield United*, 959 F.2d 655, 658-59 (7th Cir. 1992)); *see also Ruttenberg*, 413 F.3d at 662. Ultimately, although exhaustion is generally

required, the decision to require it before a plaintiff may proceed with a federal lawsuit is within the discretion of the district court. *Id*.

In order to determine whether to stay or remand this case for Tomassi to exhaust his administrative remedies before going forward with this lawsuit, the court must first determine whether he has already done so. If not, the court will move on to determine whether he should be required to do so now.[9]

The parties agree that Prudential received Tomassi's appeal on August 12, 2006 and that it received additional documents on August 14, 2006. Applying the 45-day time limit from the Summary Plan Description, Prudential's August 22, 2006 letter, and the Department of Labor regulations and assuming an August 12 receipt date, Prudential was required to respond to Tomassi or to notify him that it would need additional time by September 28, 2006. That date passed without word from Prudential to Tomassi. Prudential's internal SOAP note is irrelevant to whether it complied with its obligation to communicate with Tomassi. Therefore, barring any tolling of dates, under the "deemed denial" provisions of the Summary Plan Description and the Department of Labor regulations, Tomassi's appeal was deemed denied by September 29, 2006 at the latest. He had then exhausted his administrative remedies and could file this civil lawsuit.

Prudential argues that the 45-day clock was restarted on September 24, 2006 when it received additional documents from Tomassi. This is implausible for several reasons. First, Tomassi points out that the additional information was 35 pages of medical records that were not available when he first submitted his approximately 750 page appeal. People with serious

---

[9] Prudential distinguishes between requiring the exhaustion of administrative remedies and staying or remanding Tomassi's lawsuit until it can decide his appeal. It argues that Tomassi's arguments, framed using the former terminology, are inapposite. This is a distinction without a difference, because the question in both cases is whether Tomassi should be required to delay this lawsuit until the administrative process is complete.

6

medical conditions necessarily go to the doctor frequently and are constantly accumulating medical records. The court's comparison of the August 12, 2006 letter from Tomassi's counsel to Prudential, which included a five page letter and a description of his supporting documentation, to the letter sent in late September supports Tomassi's contention that the September materials were merely an update to his records. Restarting Prudential's clock every time a claimant submits updated records would in many situations give Prudential an endless amount of time to consider appeals and might discourage claimants from submitting relevant new medical information. That cannot be correct. This is confirmed by several cases in which courts have not assumed that the receipt of additional records restarts the 45-day clock. *See, e.g., Gilbertson* v. *Allied Signal, Inc.*, 328 F.3d 625, 631 (10th Cir. 2003); *Sidou* v. *Unumprovident Corp.*, 245 F. Supp. 2d 207, 214-15 (D. Me. 2003).

Second, Department of Labor regulation 28 § C.F.R. 2560.503-1(i)(4) is strong support for Tomassi's position. It provides that the 45-day time period starts when an appeal is filed, "without regard to whether all the information necessary to make a benefit determination on review accompanies the filing." Prudential argues that this regulation does not apply because the information was merely a supplement that Tomassi chose to file, as opposed to "necessary" information, and that it was being benevolent when it "attempt[ed] to provide him with the same treatment as if he had initially indicated that he would supplement his appeal." These arguments are not persuasive because if the clock does not restart for necessary information, it certainly should not restart for less important supplementary information.

Finally, the court notes that the Deparment of Labor regulations provide that "in *no event* shall [an] extension exceed a period of [45] days from the end of the initial period." 29 C.F.R. § 2560.503-1(i)(1), (3) (emphasis added).

7

Prudential alternatively invokes the doctrine of substantial compliance, whereby in some situations the courts have not penalized plan insurers for failure to strictly comply with ERISA regulations. The cases that Prudential cites in support of this argument, however, show that the doctrine is not applicable to this case. In those cases, courts have decided not to overturn an administrator's decision (or not to deny deference to that decision) where the purpose of the ERISA statute and regulations have been served despite the administrator's failure to strictly comply with applicable regulations. Prudential cites no cases (and the court has found none) where the court has disregarded a deemed denial based on substantial compliance with the deadlines and ordered a case back to the administrator.

For example, in *Halpin* v. *Grainger, Inc.*, 962 F.2d 685, 688-89 (7th Cir. 1992), the court noted ERISA's requirement that "specific reasons for denial be communicated to the claimant," which serves the purpose of insuring that "when a claimant appeals a denial to a plan administrator, he will be able to address the determinative issues and have a fair chance to present his case." The court considered whether an administrator substantially complied with the regulation when its denial letter did not itself contain specific reasons but the administrator argued that later letters did so. *Id*. at 693-94. The court found that they did not because the later letters did not effectuate the regulations' purposes of providing the beneficiary with a sufficiently precise understanding of the ground for the denial. *Id*. at 694.

In *Gilbertson* v. *Allied Signal*, 328 F.3d 625 (10th Cir. 2003), the court considered whether the plan administrator had substantially complied with the time limitations in the ERISA regulations. The court, however, only considered whether an administrator's substantial compliance with the deadlines could entitle the administrator to deferential review as opposed to *de novo* review, not whether the case should be remanded or stayed for the administrator to make

its decision. *Id*. at 634-35. In fact, the court suggested that the "deemed denied" provision is an automatic admission ticket to court. *Id*. at 634.

Because the purpose of a "deemed denial" is to prevent plan beneficiaries from suffering from delays in the adjudication of their claims and to allow them to demand a decision on the record as it stands (or else file suit in federal court), *see Gilbertson*, 328 F.3d at 636, the substantial compliance doctrine cannot be employed by Prudential in this situation to require Tomassi to return to the administrative process. That would not effectuate the purpose of the regulations. Furthermore, even if substantial compliance could be applied here, it does not appear to the court that Prudential was in substantial compliance. In support of its argument that it was diligent, Prudential contends that it set a *plan* for its appeal, *began* reviewing the information, *requested* an activities check, *requested* surveillance, and *referred* the case for an independent medical examination. It appears that nothing had been *completed* before Tomassi filed this lawsuit on October 13. It was clear to Prudential when it originally denied Tomassi's claim that it wanted an independent psychiatric evaluation; there was no need to wait from August 14 until October 12 to make a referral for this to happen.

For all of these reasons, Tomassi has exhausted his administrative remedies and cannot be required to return to Prudential's appeal process.[10] [11] [12] The court hopes, however, that the parties will cooperate with each other to diligently and meaningfully evaluate Tomassi's claims in order to amicably resolve this case short of trial.

**3. Conclusion and Order**

For the foregoing reasons, Prudential's motion to stay or remand [#9] is denied. This case will be called for status on July 5, 2007 at 9:30 A.M.

Dated: June 19, 2007      ENTER:      _____
                                      JOAN HUMPHREY LEFKOW
                                      United States District Judge

---

[10] To the extent that Prudential distinguishes between its right to a remand versus a stay, the court finds that a remand is also inappropriate. The decision to remand in *Quast* v. *Square D. Co.,* 2003 WL 23415018 (S.D. Ohio July 15, 2003), cited in support, was disagreed with by the Sixth Circuit in *Seiser* v. *UNUM Provident Corp.*, 135 Fed. Appx. 794 (6th Cir. April 22, 2005), and *Miller* v. *United Welfare Fund,* 72 F.3d 1066 (2nd Cir. 1995) remanded to the administrator only after the court found the administrator's final decision to be arbitrary and capricious.

[11] Tomassi also argues that Prudential should be estopped from raising the issue of exhaustion. Given the court's decision that Tomassi has exhausted, it is not necessary to resolve this issue. The court notes, however, that this case is similar to *Lauth* v. *Prudential Ins. Co.*, 2006 WL 1302355 (N.D. Ill. May 5, 2006).

[12] Prudential's argument under 28 C.F.R. § 2560.503-1(i)(4) that Tomassi's failure to submit to the requested psychiatric evaluation tolled the period for Prudential to complete its review is unavailing because the period had already expired.